UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOHN RIEGERT                                CIVIL ACTION

VERSUS                                      NUMBER: 11-1166

ORLEANS PARISH CRIMINAL SHERIFF             SECTION: "I"(5)


                       **REPORT AND RECOMMENDATION**


    This 42 U.S.C. §1983 proceeding was filed in forma pauperis ("IFP") by pro se plaintiff, John Riegert, against defendant, Orleans Parish Sheriff Marlin N. Gusman.

    According to his complaint and its attachments, plaintiff is a state prisoner who was sentenced to the custody of the Louisiana Department of Corrections ("DOC") but who is currently housed in the Orleans Parish Prison. ("OPP").  By way of his present complaint, plaintiff seeks injunctive relief in the form of a transfer to a DOC facility which is geographically closer to his family who lives in San Antonio, Texas, and which will allow him to avail himself of the work release and rehabilitative programs that

are reportedly available at DOC facilities.

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915.  A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii).  <u>See also</u> 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c).  Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff has no constitutional right to be imprisoned at any particular state penal institution even if life in one institution is much more disagreeable than another.  <u>Santos v. La. Dept. of Corr. Sec., et al.</u>, 1996 WL 89260 at *3 (E.D. La. Feb. 28, 1996)(quoting <u>Meachum v. Fano</u>, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538 (1976)); <u>Maddox v. Thomas</u>, 671 F.2d 949, 950 (5th Cir. 1982). "Under Louisiana law, state officials have discretion to place a state prisoner in any institution, including parish prisons." <u>Clark v. Foti</u>, 50 F.3d 1032, 1995 WL 136127 at *1 (5th Cir. 1995)(citing LSA-R.S. 15:824(A), (B)). Moreover, plaintiff has no constitutional right to rehabilitation, to obtain a basic

education, or to attend vocational school or transitional programs prior to release.  Newman v. Alabama, 559 F.2d 283, 292 (5th Cir. 1997), cert. denied, 438 U.S. 715, 98 S.Ct. 3144 (1978).  A prisoner generally has no liberty interest in his custodial classification.  Hernandez v. Velasquez, 522 F.3d 556, 562 (5th Cir. 2008).

While the Court is not unsympathetic to plaintiff's request to be housed closer to his family and certainly commends him for his desire to rehabilitate and better himself while in prison, such is not constitutionally mandated.  Accordingly, it will be recommended that plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  24th  day of _____May_____, 2011.

_____
UNITED STATES MAGISTRATE JUDGE